IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

```
F I L E D

JAN 2 6 2012

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA
```

| | | |
|---|---|---|
| Malcolm Muhammad, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:11cv345 (LO/IDD) |
| | ) | |
| Harold Clarke, | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Malcolm Muhammad, a Virginia inmate proceeding pro se, has filed a petition for a writ

of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction

following a jury trial in the Circuit Court of Brunswick County, Virginia.  On July 26, 2011,

respondent filed a Rule 5 Answer accompanied by a Motion to Dismiss and supporting brief.

Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v.

Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a response.  Accordingly, this matter is

now ripe for disposition.  For the reasons that follow, respondent's Motion to Dismiss must be

granted, and the petitioner's claims must be dismissed.

### I. Background

Petitioner is incarcerated pursuant to a final judgment of the Circuit Court for the County

of Brunswick, Virginia, entered on June 9, 2008.  Following a jury trial, petitioner was convicted

of first-degree murder and robbery. R. Nos. CR06-000179-00 and CR06-000179-10, respectively.

The trial court adopted the sentence fixed by the jury, which was life in prison on the murder

conviction and ten years in prison on the robbery conviction.

The testimony at trial reveals the following relevant facts.  The petitioner testified on his

own behalf that during the early morning hours of April 19, 2006, he and the victim had a dispute regarding whether the petitioner should continue to buy more crack cocaine. Tr. 530-33. The dispute became heated and the victim struck the petitioner in the mouth, breaking his dentures. Id. at 532-33. The petitioner then pulled the truck off the road, and put the transmission in park. Id. at 533. The victim grabbed the key from the ignition and the petitioner and the victim began fist-fighting in the truck. Id. The petitioner testified that he hit the victim multiple times while still in the truck. Id.

The victim then "raised his hands up to stop [the petitioner] from hitting him" and got out of the truck." Id. at 534. Petitioner testified that he also got out of the truck to retrieve the key from the victim. Id. 535. When he did so, petitioner testified that the victim started coming toward him with a maul the victim removed from the back of the truck. Id. at 535-536. When the victim "slipped" petitioner took the maul from the victim and began striking the victim repeatedly. Id. at 539-539. Petitioner then demanded the keys from the victim, but said the victim "only made some kind of mumbling noise." Id. at 540. Petitioner searched the victim, found the key, and left the scene in the truck. Petitioner also attempted to cash a $330 lottery ticket that the victim had purchased earlier. At trial, a fellow inmate testified that petitioner told him that the victim "was saying, 'please don't kill me,' but [petitioner] was like, 'shit, I killed that mother fucker, I finished him off.'" Id. at 239. Two other witnesses testified that petitioner told them he had killed a man. Id. at 228-229; 287-88.

Petitioner appealed his conviction to the Court of Appeals of Virginia, alleging that he was denied his right to a speedy trial under the Sixth Amendment, and was denied his right to be present at his trial as required by the Fourteenth Amendment. The Court of Appeals denied the

2

petition on February 27, 2009, finding that both claims were barred by Rule 5A:18 because the petitioner failed to raise the claim at trial. R. No. 1419-08-2. Petitioner's demand for review by a three-judge panel was denied on May 19, 2009. Id. The petitioner then appealed his conviction to the Supreme Court of Virginia, which refused his petition for appeal on November 23, 2009. R. No 091583; Petr's Ex. 10; ECF No. 1.

On March 11, 2010, petitioner filed a petition for writ of habeas corpus in the Supreme Court of Virginia, raising eight grounds. The Supreme Court of Virginia denied and dismissed the petition on January 3, 2011. R. No. 100467.

On March 24, 2011, petitioner filed the instant petition, raising the following claims:[1]

> (A) The Commonwealth's failure to bring the petitioner to trial within five months as required by the Fourteenth Amendment deprived petitioner of a fair trial and constitutional right to due process.

> (B) The petitioner's right to an impartial jury, guaranteed by the constitution, was violated when jurors, who were not impartial nor free from exemption, were seated, and petitioner's subsequent conviction by said jury, violated his constitutional right to a fair trial and due process.

> (C) The Commonwealth's presentation of a non-valid indictment deprived petitioner of a constitutional right to due process.

> (D) The trial court's instructions, unconstitutionally relieving the Commonwealth of its burden of proving intent, cannot be dismissed as harmless error, and subsequently deprived petitioner of his constitutional right to due process.

> (E) The petitioner's jury trial, presided over by a judge, not free from partiality, unconstitutionally deprived petitioner of his

---

[1] For pro se prisoners, a petition is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). In this case, petitioner certified that he placed his habeas petition in the prison mailing system on March 24, 2011. See Fed. Pet. at 14; ECF No.1.

3

right to a fair trial, free from bias, and constitutional right to due process.

(F) The combined deliberate and deceitful acts committed by the prosecution prevented the petitioner from receiving a fair trial, thereby violating his rights under the Fifth and Fourteenth Amendments and constitutional right to due process.

(G) The petitioner was denied effective assistance of counsel, both at trial and on appeal, violating his Sixth Amendment and constitutional right to a fair trial and due process.[2]

(H) The petitioner's convictions and sentences, without sufficient evidence to support guilt beyond a reasonable doubt, violated his constitutional rights to due process

(I) The Commonwealth and the trial court denied petitioner the right to be present during his trial as required by the Fourteenth Amendment of the United States Constitution.

Grounds (A)-(H) are essentially the same grounds petitioner raised in his state habeas petition. Ground (I) was not presented in petitioner's state habeas petition, however, petitioner raised the claim in his direct appeal.

## II. Procedural Bar

A state court's finding of procedural default is entitled to a presumption of correctness, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met, Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. Id. Second, the state procedural rule furnished to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When

---

[2] Petitioner alleges fourteen specific claims of ineffective assistance of counsel. The claims will be discussed individually in Section IV.

4

these two requirements have been met, federal courts may not review the barred claims absent a

showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence.

Harris, 489 U.S. at 260.

A. Claims Claim (A), (B), (C), (D), (E), (F), and (H):

When petitioner raised claims (A), (B), (C), (D), (E), (F), and (H) in his state habeas

petition the Supreme Court of Virginia ruled as follows:

> The Court holds that claims (A), (B), (C), (D), (E), (F), and (H) are
> barred because these non-jurisdictional issues could have been
> raised at trial and on direct appeal, and, thus are not cognizable in a
> petition for a writ of habeas corpus. Slayton v. Parrigan, 205 S.E.2d
> 680 (Va. 1974).

Order Jan. 3, 2011, at 3, R. No. 100467.

The Fourth Circuit has held consistently that "the procedural default rule set forth in

Slayton constitutes an adequate and independent state law ground for decision." Mu'min v.

Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). Therefore, petitioner's claims must be dismissed as

procedurally defaulted unless petitioner demonstrates cause and prejudice or a fundamental

miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). In

this case, petitioner's response to the Motion to Dismiss makes no argument regarding cause and

prejudice or a fundamental miscarriage of justice. Therefore, claims (A), (B), (C), (D), (E), (F),

and (H) must be dismissed as procedurally defaulted.

B. Claim I

Petitioner did not raise Claim (I) in his state habeas petition;[3] however, he did present it

---

[3] In petitioner's Response to the Motion to Dismiss, he argues that he raised claim (I) in his state habeas petition. This argument is without merit. Although petitioner attempted to "amend" claim (I) to his petition in his response to the state's motion to dismiss, this attempt was insufficient to

to the Court of Appeals of Virginia during his direct appeal. The Court of Appeals expressly determined that the claim was barred from appellate review pursuant to Rule 5A:18, which states that "[n]o ruling of the trial court . . . will be considered for a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling."[4] Va. S. Ct. R. 5A:18. This finding of procedural default is entitled to a presumption of correctness. First, Rule 5A:18 is substantially identical to Va. Sup. Ct. R. 5:25, the contemporaneous objection rule applied in the Supreme Court of Virginia, which the Fourth Circuit has determined is an independent and adequate state procedural rule. See Weeks v. Angelone, 176 F.3d 2549, 270 (4th Cir. 1999). Second, both the Fourth Circuit and the Eastern District of Virginia have held in unpublished decisions that Rule 5A:18 is an independent and adequate state ground for denying relief. See King v. Dean, 955 F.2d 41, 1992 WL 29295 at n.* (4th Cir. 1992) (table); Williams v. Dillman, No. 1:09cv369 (CMH/JFA), 2010 WL 723,111, at *4, (E.D.Va. Mar. 1, 2010); Cephas v. Johnson, 2009 WL 1491424 , at *3 (E.D. Va. 2009); Chandler v. Angelone, 2002 WL 32514958, at *8 (E.D. Va. 2002). Therefore, petitioner's claim must be dismissed as procedurally defaulted unless petitioner demonstrates cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). In this case, petitioner's response to the Motion to Dismiss makes no argument regarding cause and prejudice or a fundamental miscarriage of justice. Therefore, claim (I) must be dismissed as procedurally defaulted

---

properly present the claim to the Virginia Supreme Court. See Ex. A. at 2; ECF No. 22. This conclusion is supported by the failure of the Virginia Supreme Court to even reference claim (I) in its exhaustive thirteen page order addressing each of petitioner's other claims.

[4] The decision by the Virginia Court of Appeals was the last reasoned state court decision. Therefore, it is imputed to the Supreme Court of Virginia, which refused the petition for further

## III. Standard of Review

Where a state court has addressed the merits of a claim raised in a federal habeas petition,

a federal court may not grant habeas relief unless the state court's adjudication is contrary to, or an

unreasonable application of, clearly established federal law, or is based on an unreasonable

determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision

is "contrary to" or "an unreasonable application of" federal law is based on an independent review

of each standard. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination

meets the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the

United States Supreme] Court on a question of law or if the state court decides a case differently

than [the United States Supreme] Court has on a set of materially indistinguishable facts."

Williams, 529 U.S. at 413. Under the "unreasonable application" clause, the writ should be

granted if the federal court finds that the state court "identifies the correct governing legal

principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts

of the prisoner's case." Id. Moreover, this standard of reasonableness is an objective one. Id. at

410.

## IV. Merits

In his remaining claim, petitioner argues that counsel rendered ineffective assistance. To

establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance

was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v.

Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a

petitioner must show that "counsel's representation fell below an objective standard of

---

appeal without explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. And, in this respect, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. See Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

8

A.      Claim G(a)(1):

In claim G(a)(1) petitioner alleges he was denied the effective assistance of counsel

because counsel failed to subject the prosecution's case to proper adversarial testing. See Arg. in

Supp. Fed. Pet. at 54.  Specifically, petitioner argues that counsel allowed eight trial continuances

that resulted in denial of his speedy trial rights, and allowed the Commonwealth to acquire

additional evidence and to amend the autopsy report to "fit" its theory of the offense.  Petitioner

alleges that that he did not consent to any continuances, and he informed his counsel and the court

of his intention to invoke his speedy trial rights.  When the petitioner presented this claim to the

Supreme Court of Virginia in his state habeas petition it rule as follows:

> [C]laim (G)(a)(1) satisfies neither the "performance" nor
> "prejudice" prong of the two-part test enunciated in Strickland. . . .
> The record, including the affidavit of counsel, a letter from counsel
> to petitioner dated May 8, 2007, and the continuance orders,
> demonstrates that counsel believed continuing the case and waiving
> speedy trial issues would be in petitioner's best interest as it would
> allow emotions to settle and because the Commonwealth agreed not
> to seek a capital charge in exchange for a waiver of a speedy trial.
> Furthermore, petitioner does not identify how the "amended"
> autopsy report "fit" the Commonwealth's case.  Petitioner has failed
> to demonstrate that counsel's performance was deficient or there is
> a reasonable probability that, but for counsel's alleged errors, the
> results of the proceeding would have been different.

Order Jan. 3, 2011 at 3-4. R. No. 100467.

The state court's rejection of this claim was not contrary to, or an unreasonable application

of law, nor was it based on an unreasonable determination of the facts.  Furthermore, to the extent

petitioner's federal petition identifies facts regarding how the amended autopsy report "fits" the

Commonwealth's case; those facts were not presented to the state court and are not exhausted for

purposes of federal review.  See Kasi v. Angelone, 300 F.3d 487, 501-02 (4th Cir. 2002)

9

(explaining that to meet the exhaustion requirement, a petitioner must have presented to the state

court 'both the operative facts and the controlling legal principles); see also Cullen v. Pinholster,

131 U.S. 1388, 1399 (2011) ("It would be strange to ask federal courts to analyze whether a state

court's adjudication resulted in a decision that unreasonably applied federal law to facts not before

the state court."). Therefore, this Court must defer to the ruling of the Virginia Supreme Court

and claim G(a)(1) must be dismissed.

B.      Claim G(a)(2)

Claim G(a)(2) is presented in several "portions." Each portion will be addressed in turn.

1.      Portion 1:

In the first portion of claim G(a)(2), petitioner alleges counsel rendered ineffective

assistance because counsel failed to object to biased jurors, and failed to ensure a trial by an

impartial jury, and should have struck jurors Matthews, Washburn, and Williams for cause. Arg.

in Supp. Fed. Pet. at 63-67; ECF No. 1. When petitioner presented this claim to the Virginia

Supreme Court, it ruled as follows:

> The Court holds that this portion of claim G(a)(2) satisfies neither
> the "performance" nor the "prejudice" prong of the two-part test
> enunciated in Strickland. The record, including the voir dire
> transcript, demonstrates that potential jurors Matthews and
> Washburn were questioned further about their potential bias. In
> addition, the court asked all of the potential jurors if there was any
> reason they could not give the Commonwealth and the petitioner a
> fair and impartial trial based on the evidence, and the jurors
> Matthews, Washburn, and Williams expressed no reservations.
> Counsel is not ineffective for failing to move to strike jurors who
> are free from exception. Petitioner has failed to demonstrate that
> counsel's performance was deficient or there is a reasonable
> probability that, but for counsel's alleged errors, the result in the
> proceeding would have been different.

Order Jan. 3, 2011 at 4-5, R. No. 100467.

Review of the voir dire transcript confirms that Matthews, Washburn, and Williams all indicated that they could be fair and impartial. Tr. at 41. Furthermore, during questioning, juror Matthews confirmed that she could be impartial although she had been a victim of a violent crime. Id. at 54-61. Juror Matthews stated that she could consider all the evidence presented and stated that she "could be honest and take all the information with [her]." Id. at 60. Moreover, juror Washburn confirmed that although she had interned with one of the attorneys, she had no knowledge of the case. Id. at 82. Additionally, juror Washburn stated that although she knew both attorneys in the case she "would be impartial." Id. at 81. Based on these facts, the foregoing determination by the Virginia Supreme Court was not contrary to, or an unreasonable application of law, nor was it based on an unreasonable determination of the facts. Therefore, this Court must defer to the ruling of the Virginia Supreme Court and this portion claim G(a)(2) must be dismissed.

### 2.    Portion 2:

In the next portion of claim G(a)(2), petitioner alleges counsel was ineffective because he failed to object to allegedly biased jurors. Specifically, petitioner contends that counsel should have objected to jurors Kemp and Bacon because "they both worked in the Department of Corrections." Arg. in Supp. Fed. Pet. at 68; ECF No. 1. Petitioner also argues that Kemp and Bacon were barred from the jury under Va. Code § 8.01-341(8), which exempts "[t]he superintendent of the penitentiary and his assistants, and the persons composing the guard" from jury duty. The Virginia Supreme Court rejected this claim in petitioner's state habeas, finding that § 8.01-341(8) does not exempt a person from jury duty because he is employed by the Department

11

of Corrections, nor does it render him unqualified to serve.  Order Jan. 3, 2011 at 5, R. No. 100467

This determination was not contrary to, or an unreasonable application of law, nor was it based on an unreasonable determination of the facts.  Therefore, this Court must defer to the ruling of the Virginia Supreme Court and this portion claim G(a)(2) must be dismissed.

> 3.   Portion 3:

In the next portion of G(a)(2) petitioner alleges counsel was ineffective because he failed to challenge or strike juror Peebles.  Petitioner alleges that Peebles' "potential bias" was made known by the second day of trial after her brother, an inmate sharing a cell with the petitioner, contacted another juror.  When petitioner presented this claim to the Virginia Supreme Court it ruled as follows:

> [T]his portion of claim G(a)(2) satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland.  Petitioner fails to identify any particular bias Juror Peebles possessed.  Furthermore, the record, including the trial transcript, demonstrates that the court inquired of the entire jury panel on the second day of trial whether any juror sent or received any communication regarding the case with any other person or had undertaken any independent investigation, and the panel, including Juror Peebles, responded negatively.  Petitioner failed to demonstrate that counsel's performance was deficient or there is a reasonable probability that but for counsel's alleged errors, the result of the proceeding would have been different.

Order Jan. 3, 2011 at 5-6, R. No. 100467.

Independent review of the record confirms that none of the jurors indicated that they had sent or received communications regarding the case when asked by the court. Tr. at 285. Furthermore, juror Crenshaw, the one who received the communication from Juror Peebles'

12

brother, was excused from service and dismissed from the jury. Id. at 283. Based on these facts, the determination of the Virginia Supreme Court was not contrary to, or an unreasonable application of law, nor was it based on an unreasonable determination of the facts. Therefore, this Court must defer to the ruling of the Virginia Supreme Court and this portion claim G(a)(2) must be dismissed.

      C.     <u>Claim G(a)(3)</u>

        In petitioner's next claim he asserts that he was denied effective assistance of counsel because counsel failed to object to a "void" indictment. Petitioner alleges that the indictment was void because it did "not contain the language that the killing was committed with 'malice aforethought.'" Arg. in Supp. Fed. Pet. at 75; ECF No. 1. The Supreme Court of Virginia rejected this claim in petitioner's state habeas, finding that the indictment was a "permissible short form under Code § 19.2-221." Order Jan. 3, 2011 at 6, R. No. 100467. Furthermore, the Commonwealth amended petitioner's indictment to include language stating that the petitioner "did willfully, deliberately, and with premeditation kill and murder in the first degree" the victim. Thus, the Virginia Supreme Court found that petitioner failed to satisfy the performance or the prejudice prong of <u>Strickland</u>.

        Review of the record establishes that the Commonwealth moved to amend the indictment to contain the above-mentioned changes on October 12, 2007. Therefore, the Virginia Supreme Court's decision was not contrary to, or an unreasonable application of law, nor was it based on an unreasonable determination of the facts. See e.g., Coleman v. Smythe, 166 F. Supp. 934, 936 (E.D. Va. 1958) (holding that the omission of the words "with malice aforethought" in a Virginia short form indictment does not render the indictment defective"). Therefore, this Court must

defer to the ruling of the Virginia Supreme Court and claim G(a)(3) must be dismissed.

D.    Claim G(a)(4)

In his next claim, petitioner argues that he was denied the effective assistance of counsel because counsel failed to object to the court's instruction that malice may be inferred from the use of a deadly weapon. Petitioner asserts that the instruction relieved the Commonwealth of its burden of proving every element of the offense. Arg. in Supp. Fed. Pet. at 76; ECF No. 1. When petitioner presented this claim to the Virginia Supreme Court it rejected the claim on the following basis:

> [C]laim G(a)(4) satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland. The challenged jury instruction is a proper statement of the law and is included in the Virginia Model Jury Instructions. The Commonwealth was not relieved of its burden to prove every element of petitioner's murder charge because the instruction created only a permissible, not a mandatory, inference. Petitioner has failed to demonstrate that counsel's performance was deficient or there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Order Jan. 3, 2011 at 7, R. No. 100467.

The Virginia Supreme Court's rejection of petitioner's claim was not contrary to, or an unreasonable application of federal law, nor was it based on an unreasonable determination of the facts. Therefore, this Court must defer to the ruling of the state court, and claim G(a)(4) must be dismissed.

E.    Claim G(a)(5)

Petitioner next claims that counsel was ineffective because counsel failed to "ensure that petitioner received a trial presided over by a judge free from bias and impartiality." Arg. in Sup..

14

Fed. Pet. at 82; ECF No. 1.  According to the petitioner, the judge was biased because the "judge

previously represented petitioner" and "became personally embroiled with petitioner." Id.

Petitioner alleges that such bias forced the petitioner to choose a jury trial rather than a bench trial.

Furthermore, petitioner contends that the judge's bias was evidenced by the court's refusal to

allow petitioner's counsel to withdraw from representation.  When the petitioner raised this claim

in his state habeas, the Supreme Court of Virginia dismissed the claim, explaining

> [C]laim G(a)(5) satisfies neither the "performance" nor the
> "prejudice" prong of the two-part test enunciated in Strickland.
> Petitioner has failed to assert any facts to support his conclusory
> allegations that the trial judge was biased against him, or that he
> expressed any desire to counsel to be tried by the court rather than a
> jury.  Petitioner further has failed to establish that court's decision
> in denying his counsel's motion to withdrawal was motivated by an
> improper purpose.  Petitioner has failed to demonstrate that
> counsel's performance was deficient or there is a reasonable
> probability that, but for counsel's alleged errors, the result of the
> proceeding would have been different.

Order Jan. 3, 2011, at 8, R. No.100467.

This finding was not contrary to, or an unreasonable application of federal law, nor was it

based on an unreasonable determination of the facts.  Furthermore, to the extent petitioner

attempts to allege additional facts in support of this claim in his federal petition, those facts are

unexhausted for purposes of federal review.  See Kasi v. Angelone, 300 F.3d 487, 501-02 (4th

Cir. 2002); see also Cullen v. Pinholster, 131 U.S. 1388, 1399 (2011).  Therefore, the Court must

defer to the finding of the state court and claim G(a)(5) will be dismissed from the petition.

F.     Claim G(a)(6), Claim G(c) and a Portion of Claim G(e)

Petitioner alleges in claims G(a)(6), G(c), and a portion of Claim G(e) that he was "denied

the effective assistance of counsel, because counsel allowed prosecutorial misconduct by failing to

move to suppress petitioner's confession." Arg. in Supp. Fed. Pet. at 89-94; ECF No. 1.

Petitioner argues that he invoked his right to counsel during his interviews, therefore, his

subsequent statements were inadmissible.  When petitioner presented these claims to the Supreme

Court of Virginia, it found as follows:

> [C]laims G(a)(6), (G)(c), and a portion of G(e) satisfy neither the
> "performance" nor the "prejudice" prong of the two-part test
> enunciated in Strickland.  The record, including the police interview
> and trial transcripts, demonstrates that petitioner was provided with
> a recitation of his Miranda rights when he was arrested, and
> subsequently spoke with Investigator Peterson on three occasions.
> During the first interview, petitioner asserted "Big D" had
> committed the murder, and at the end of the interview, petitioner
> stated, "I'm through man, lock me up, take me to jail, I'm a get me
> an attorney."  After that statement petitioner continued to speak
> with Peterson and discussed contacting Big D.  Petitioner did not
> implicate himself in the remainder of the first interview.  During the
> second interview, petitioner was again advised of his Miranda
> rights, and petitioner stated the killing was not the result of cocaine
> use, but there were "other reasons."  In his third interview,
> petitioner again received his Miranda warnings, and then stated he
> wanted Peterson to contact his lawyer because he had lied and
> wished to "get it right with God."  Petitioner's statement in the first
> interview that he was going to "get me an attorney," is not a clear
> request for counsel, and he did not invoke his right to counsel in
> subsequent interviews, so he did not establish that a motion to
> suppress his statement would have been successful.  Further, the
> Commonwealth presented testimony from three witnesses that
> petitioner had admitted to killing the victim, and the petitioner
> himself testified that he struck the victim repeatedly with a maul
> during an argument.  Petitioner has failed to demonstrate that
> counsel's performance was deficient or there is a reasonable
> probability that, but for counsel's alleged errors, the result of the
> proceeding would have been different.

Order Jan. 3, 2011 at 9; R. No.100467

The United States Supreme Court has stated that a defendant must "unambiguously

request counsel" to invoke his Miranda rights.  Davis v. United States, 512 U.S. 452, 459.  A mere

16

reference to an attorney that is ambiguous or equivocal does not require the cessation of questioning and does not trigger <u>Miranda</u>. In this case, the Supreme Court of Virginia correctly determined that petitioner's references to counsel were not an unequivocal or unambiguous request for counsel. As such, the Virginia Supreme Court's rejection of petitioner's claims was not contrary to, or an unreasonable application of federal law, nor was it based on an unreasonable determination of the facts. Therefore, this Court must defer to the ruling of the state court, and claims G(a)(6), (G)(c), and this portion of G(e G(a)(4) must be dismissed.

 G. <u>Claim G(b)</u>

  In Claim G(b) petitioner argues that counsel rendered ineffective assistance because counsel "failed to utilize available means of discovering exculpatory evidence available." Arg. in Sup. of Fed. Pet. at 97-101, ECF No. 1. When petitioner presented this claim to the Supreme Court of Virginia, it was rejected because the record, an affidavit from counsel, and a written motion for discovery, indicated that counsel requested prior to trial that the Commonwealth produce discovery, including material evidence pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). Order Jan. 3, 2011 at 10, R. No. 100467. Furthermore, the Virginia Supreme Court stated that the petitioner failed to allege what additional evidence counsel failed to discover, or what additional steps counsel should have taken to obtain such evidence. <u>Id.</u> Therefore, the Virginia Supreme Court concluded that petitioner had not met performance or the prejudice prongs of <u>Strickland</u>.

  In his federal petition, petitioner attempts to allege the specific steps counsel should have taken to discover exculpatory evidence. However, these allegations are unexhausted for purposes of federal review. <u>See</u> <u>Kasi v. Angelone</u>, 300 F.3d 487, 501-02 (4th Cir. 2002); <u>see also</u> <u>Cullen v.</u>

Pinholster, 131 U.S. 1388, 1399 (2011).   Therefore, this Court must defer to the finding of the state court and claim G(a)(5) will be dismissed from the petition.

H.   Claim G(d):

In claim G(d) petitioner argues he received ineffective assistance of counsel because counsel failed to offer evidence to impeach several of the Commonwealth's witness and allowed "their testimony to continue as truthful." Arg. in Supp. Fed. Pet. at 102, ECF No. 1.   The Supreme Court of Virginia rejected this claim when it was raised in petitioner's state habeas because the petitioner did not allege which witnesses counsel should have been impeached, nor did he identify any information with which counsel should have impeached such witnesses.   Order Jan. 3, 2011 at 10, R. No.   100467.

In his federal petition, petitioner notes that he "is now identifying the impeachment evidence" and has also identified the two witnesses who should have been impeached. Arg. in Supp. Fed. Pet. at 102-104.   However, these facts were not before the Virginia Supreme Court, therefore, they are unexhausted for purposes of federal review.   See Kasi v. Angelone, 300 F.3d 487, 501-02 (4th Cir. 2002); see also Cullen v. Pinholster, 131 U.S. 1388, 1399 (2011). Accordingly, the decision by the Virginia Supreme Court was not contrary to, or an unreasonable application of federal law, nor was it based on an unreasonable determination of the facts. Therefore, this Court must defer to the ruling of the state court, and claims G(d) must be dismissed.

I.   Claim G(f) and another portion of Claim G(e)

In a portion of claim G(e) and claim G(f) petitioner alleges he was denied effective assistance of counsel because counsel "failed to object to prosecutor's misconduct during trial and

18

during closing statements, and allowed the admission of prejudicial evidence." Arg. in Supp. of

Fed. Pet. at 104.  Specifically, petitioner contends that the prosecution improperly called petitioner

a liar, stated petitioner changed his story, and introduced photos of blood that forensic testing

determined was non-human.  Id.  When petitioner presented this claim to the Virginia Supreme

Court in his state habeas proceeding, the court dismissed the claim on the following basis:

> [T]his portion of claim G(e) and claim G(f) satisfy neither the
> "performance" nor the "prejudice" prong of the two-part test
> enunciated in Strickland.  As to the claim of inflammatory
> photographs depicting animal blood, the record, including the
> certifications of analysis, demonstrates that blood found in the
> truck, on a black hat, and on a yellow hammer were from the same
> contributor, at a probability of 1 in 6.5 billion.  Petitioner has failed
> to identify any specific photographs or pieces of evidence that
> contained the blood or a depiction of blood not belonging to the
> victim.  As to the claim regarding the prosecutor's comments, the
> record, including petitioner's statement to police and the trial
> transcript, demonstrates that petitioner indicated to police or
> witnesses at various times that he was not involved in the crime, a
> man named Big D committed the crime, and petitioner committed
> the killing in self-defense.  Counsel had no basis upon which to
> object because the prosecutor's statement is supported by the
> evidence.  Petitioner has failed to demonstrate that counsel's
> performance was deficient or there is a reasonable probability that,
> but for counsel's alleged errors, the result of the proceeding would
> have been different.

Order Jan. 3, 2011, at 11-12, R. No. 100467.

Review of the record confirms that the blood found in the truck, on a black hat, and a

yellow hammer were from the same contributor, and that the petitioner was "eliminated as a

contributor of the[] DNA profiles." Petr's Ex. 14 at 2; ECF No. 1.  Although there was testimony

at trial that some of the blood in the truck may have been from an animal, there are no allegations

that inflammatory pictures of this blood were offered into evidence.   Thus, under the

circumstances, the Virginia Supreme Court's decision was not contrary to, or an unreasonable

application of federal law, nor was it based on an unreasonable determination of the facts.

Therefore, this Court must defer to the state court's ruling and this portion of claim G(e) and

claim G(f) must be dismissed from the petition.

J.     Claim G(g):

In claim G(g) petitioner alleges he received ineffective assistance of counsel because

"counsel's cumulative errors were so prejudicial as to deprive him of his rights to a fair trial under

the Fourteenth Amendment Due Process." Arg. in Supp. Fed. P. at 114. Specifically, petitioner

argues that he was denied a speedy trial, the right to be present at trial, an impartial jury, proper

instructions, an impartial judge, and the effective assistance of counsel. Id. at 114-131. The

Virginia Supreme Court rejected this claim in petitioner's state habeas proceeding, finding the

claim without merit because "as addressed previously," petitioner failed to demonstrate prejudice

as a result of counsel's alleged errors. Order Jan. 3, 2011, at 12, R. No. 100467. The Virginia

Supreme Court explained that since it had "rejected each of petitioner's individual claims, there is

no support for the proposition that such actions when considered collectively have deprived

petitioner of his constitutional right to effective assistance of counsel." Id. (citing Lenz v.

Warden, 267 Va. 318, 240, 593 S.E.2d 292, 305, cert denied, 542 U.S. 953 (2004)).

The Virginia Supreme Court's decision was not contrary to, or an unreasonable application

of federal law, nor was it based on an unreasonable determination of the facts. Therefore, this

Court must defer to the state court's ruling and this portion of claim G(g)

K.     Claim G(h):

Petitioner alleges in claim G(h) that counsel rendered ineffective assistance because he

20

failed to raise the meritorious claim referenced in his petition on appeal.  Arg. in Supp. Fed. Pet. at 131; ECF No. 1.  When petitioner raised this claim in his state habeas proceeding the Virginia Supreme Court rejected it, explaining that the selection of issues to address on appeal is left to the discretion of appellate counsel, and counsel need not address every possible issue on appeal.  Order Jan. 3, 2011, at 12, R. No. 100467 (citing Jones v. Barnes, 463 U.S. 745, 751-52 (1983)).

The state court's rejection of this claim was not contrary to, or an unreasonable application of federal law, nor was it based on an unreasonable determination of the facts.  Therefore, the Court must defer to the ruling of the state court and claim G(h) must also be dismissed from this petition.

## VI. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss must be granted, and this petition must be dismissed.  An appropriate Order shall issue.

Entered this _26_ day of _January_ 2012.

Alexandria, Virginia

/s/

Liam O'Grady
United States District Judge